IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MAYA T.**[1], <br><br>        Plaintiff, <br><br>    v. <br><br>**ANDREW M. SAUL,** Commissioner of Social Security, <br><br>        Defendant. | Case No. 6:19-cv-819-SI <br><br> **OPINION AND ORDER** |

Sherwood Reese, DREW L. JOHNSON, PC, 1700 Valley River Drive, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Leisa Wolf, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Maya T. brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Act. For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

BACKGROUND

A.  Plaintiff's Application

Plaintiff filed an application for disability insurance benefits ("DIB") on October 28, 2015. AR 13. In her applications, she alleged disability beginning June 2, 2015. Plaintiff's claims were denied initially on March 4, 2016 and upon reconsideration on July 27, 2016. Plaintiff appealed and testified at a hearing held before an Administrative Law Judge ("ALJ"). On June 20, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1. Plaintiff was born on August 18, 1976, making her 38 years old at the time of the alleged disability onset. AR 69.

B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act and had not engaged in substantial gainful activity since the date of alleged disability onset. AR 15. At step two, the ALJ found that Plaintiff has the following severe impairments: bilateral carpal tunnel syndrome; bilateral cubital tunnel syndrome; degenerative disc disease of the lumbar and cervical spine; and complex regional pain syndrome ("CRPS"). AR 15. At step three, the ALJ determined that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 22-23.

At step four, the ALJ determined Plaintiff's RFC and found that Plaintiff could perform light work,

> except the claimant can lift and carry ten pounds occasionally and less than ten pounds frequently; she can stand and walk for six hours in an eight hour day, and sit for six hours in an eight hour

>day; the claimant can occasionally reach and handle with the upper
>right dominant extremity; she can tolerate occasional exposure to
>extreme cold.

AR 16. Based on these limitations, the ALJ found that Plaintiff was not able to perform any of her past relevant work. AR 23. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was able to perform jobs that exist in significant numbers in the national economy, specifically "Dealer, Accounts Investigator; Furniture Rental Consultant; and Photo Counter Clerk." AR 24.

## DISCUSSION

### A. Plaintiff's CRPS Diagnosis

Plaintiff contends that her primary disability is her complex regional pain syndrome ("CRPS"). Social Security Ruling 03-2p ("Ruling" or "SSR 03-2p") states the framework that an ALJ must use to evaluate a CRPS disability claim. SSR 03-2p, *available at* 2003 WL 22399117. The ALJ's opinion makes no mention of the Ruling, and Plaintiff argues that the ALJ's failure to discuss and apply the Ruling taints the ALJ's analysis of the record evidence. The Court agrees with Plaintiff.

In addition, to determine the RFC, the ALJ discounted the opinions of treating physician Dr. K. Annette Weller, treating CRPS specialist Dr. Heather Kroll, and treating nurse practitioner Anne Moore. The ALJ also discounted Plaintiff's subjective testimony and the lay witness testimony of Plaintiff's husband and mother-in-law. Had the ALJ analyzed the record through the proper lens of the Ruling (SSR 03-2p) and justified his conclusions under its CRPS framework, the Court might not find fault with his conclusions. But SSR 03-2p exists to ensure that the ALJ understands the nature of CRPS and properly evaluates the record evidence when determining if a claimant's CRPS is disabling. In the absence of an explicit discussion of SSR 03-2p, the Court cannot be certain that the ALJ applied the Ruling and properly evaluated

Plaintiff's allegations.

Importantly, SSR 03-2p emphasizes that treating medical sources are of particular importance in CRPS cases and notes that conflicts in the medical evidence are not unusual. The SSR instructs ALJs first to seek to clarify any such conflicts with the claimant's treating doctors. SSR 03-2p at *5. Here, the ALJ discounted the opinions of treating Drs. Weller and Kroll but gave non-examining consultant Dr. Sharon Eder's opinion "great weight" in formulating the RFC. AR 20-21. Dr. Eder noted Plaintiff's CRPS diagnosis but did not include it among Plaintiff's medically determinable impairments. AR 94-95.

SSR 03-2p also emphasizes the importance of third-party statements, including from treating medical professionals who are not "acceptable medical sources," such as nurse practitioners. SSR 03-2p at *7. Plaintiff submitted records from her treating nurse practitioner as well as lay testimony from her husband and mother-in-law that supported Plaintiff's claim that her CRPS was disabling. Had the ALJ analyzed this evidence under SSR 03-2p's framework, he might have given them more weight, especially considering their consistency with the opinions of Plaintiff's treating physicians. The failure to discuss and apply SSR 03-2p is reversible legal error.

**B.  Remedy**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan*, 246 F.3d at 1210 (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine

PAGE 7 – OPINION AND ORDER

if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

Although the record appears to be fully developed, it is not free of ambiguities. The ALJ cites several of these ambiguities, including the opinion of Dr. Eder and a notation in Plaintiff's medical record that suggested the possibility of symptom exaggeration. AR 18. The flaw in the ALJ's opinion is not factual, but legal. The Court cannot be certain that the ALJ understood that CRPS is a "unique clinical syndrome" or that he analyzed the record under the framework of SSR 03-2p. The Court therefore finds that further proceedings are needed to ensure that Plaintiff's CRPS diagnosis is properly evaluated.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 8th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge